UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHANEL INC.,

    Plaintiff,

    v.

ZHANG YANG, et al.,

    Defendants.
_____/

No. C 12-4428 PJH

**JUDGMENT AND PERMANENT INJUNCTION**

    The court having granted plaintiff's Motion for Default Judgment,

    it is Ordered and Adjudged

    that judgment be entered in the sum of $105,350 in favor of plaintiff and against defendant, together with post-judgment interest, and that the action be dismissed.

    Additionally, the court enters the following permanent injunction against defendant: Defendant and his officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby permanently restrained and enjoined from:

    a. manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using Plaintiff's trademarks identified in Paragraph 13 of the Complaint ("the Plaintiff's Marks");

    b. using the Plaintiff's Marks in connection with the sale of any unauthorized goods;

    c. using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the domain names identified in Appendix A hereto (collectively the "Subject Domain Names") and/or any

other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d. falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e. engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale or sold via the Subject Domain Names and/or any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

f. using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Subject Domain Names and/or any other website or business, including, without limitation, handbags, wallets, shoes, boots, cosmetics, sunglasses, clothing, watches, or costume jewelry, including necklaces, bracelets, earrings, brooches, and rings;

g. affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

h. otherwise unfairly competing with Plaintiff;

i. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

j. using the Plaintiff's Marks, or any confusingly similar trademarks, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct

computer searches to websites registered by, owned, or operated by Defendant, including the Internet websites operating under all of the Subject Domain Names.

The court also orders the following equitable relief:

a. In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendant, his assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within five (5) days of receipt of this judgment, the Registries shall, within thirty (30) days, change the Registrar of Record for the Subject Domain Names to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

b. Upon Plaintiff's request, the top level domain (TLD) Registry for each of the Subject Domain Names, within thirty (30) days of receipt of this Order, shall place the Subject Domain Names on Registry Hold status for the life of the current registration, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted; and

c. Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registry responsible for the Subject Domain Names transfers and/or disables the Subject Domain Names.

**IT IS SO ORDERED.**

Dated: October 21, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge